# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ROBERTO R. MINCEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. CV405-174 |
| FREDERICK HEAD, Warden, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Respondent has filed a motion to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus on the ground that it is untimely. Doc. 9. For the following reasons, the Court recommends that respondent's motion be GRANTED and the petition be DISMISSED.

### I. BACKGROUND

On June 20, 1997, following a jury trial, petitioner was convicted in Chatham County of kidnapping, kidnapping with bodily injury, theft by

receiving property stolen out of state, two counts of armed robbery, and two counts of possession of a firearm during the commission of a crime. Resp. Ex. 3. The Georgia Court of Appeals affirmed the convictions on April 1, 1999. Resp. Ex. 2 at 15.

On March 29, 2000, petitioner filed an application for writ of habeas corpus in the superior court of Macon County challenging his June 20, 1997 conviction. Resp. Ex. 1 at 1. The state habeas court held an initial evidentiary hearing on June 29, 2000 and a second hearing on June 5, 2002, and ultimately denied the petition for habeas relief on March 17, 2004. Resp. Ex. 3.

Petitioner then filed an application for a certificate of probable cause to appeal with the Georgia Supreme Court, which was denied on September 28, 2004. Resp. Ex. 4. The instant § 2254 petition was filed on September 16, 2005. Doc. 1.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 to include a one-year statute of limitations for

habeas corpus petitions filed by state prisoners.  In the absence of (1) an impediment to seeking federal habeas relief created by illegal state action, (2) the recognition of a new retroactively applied principle of constitutional law by the United States Supreme Court, or (3) a factual basis for habeas corpus relief that was not discoverable before the running of the limitations period, the one-year limitations period begins to run on the date that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect.  28 U.S.C. § 2244(d)(1).  A conviction becomes final when direct review is concluded or when the time allotted for seeking direct review has expired.  28 U.S.C. § 2244(d)(1)(A); see also Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000).  The one-year limitation period is also tolled while a prisoner seeks state habeas corpus relief.  Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002).

Petitioner was convicted following his jury trial on June 20, 1997, and the convictions and sentences were affirmed by the Georgia Court of Appeals on April 1, 1999.  His convictions became final on May 1, 1999, after the thirty-day period for filing an application for certiorari seeking review of the decision of the court of appeals in the Georgia Supreme Court

expired. O.C.G.A. § 5-6-38; <u>Coates v. Byrd</u>, 211 F.3d 1225, 1226 (11th Cir. 2000). Although the one-year limitation period had not expired when petitioner filed his state habeas petition on March 29, 2000, 333 days of the limitations period had elapsed by that date. The limitations period was tolled while his habeas petition was pending in state court. Following the state habeas court's denial of his petition and the Georgia Supreme Court's denial of the application for a certificate of probable cause to appeal, the convictions became final again on September 28, 2004. At that time, petitioner had a balance of 32 days remaining in his one-year limitations period for filing a federal habeas corpus petition. Thus, he had until October 30, 2004 to seek federal habeas relief. Petitioner, however, did not file his petition with this Court until September 16, 2005, or some 321 days after the deadline. Petitioner has not alleged any other grounds for tolling of the limitations period. Consequently, petitioner's § 2254 petition for habeas relief in this Court, filed September 16, 2005, is untimely and should be dismissed.

## III. CONCLUSION

Based upon the foregoing, respondent's motion to dismiss the instant § 2254 petition as untimely should be GRANTED and the instant petition should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 18th day of **January, 2006.**

_____<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA